CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Cara Townsend, Esq., SBN 220356
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
carat@potterhandy.com

Attorneys for Plaintiff

Katherine R. Moore, Esq. (SBN 199808)
Charles P. Stone, Esq. (SBN 224897)
LAW OFFICE OF KATHERINE R. MOORE A Professional Corporation
600 Allerton Street, Suite 202
Redwood City, CA 94063
Telephone (650) 995-7312
Facsimile (650) 995-7862
kate.moore@katemoorelaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott Johnson,<br><br>        Plaintiff,<br>    v.<br><br>JOHN C. TOGNOLI, individual capacity as Trustee of the Tognoli Family Trust under the Declaration of Trust dated November 27, 2002; CAROL A. TOGNOLI, in individual and representative capacity as Trustee of the Tognoli Family Trust under the Declaration of Trust dated November 27, 2002; MARVIN GARDENS FOOD GROUP, INC., a California Corporation<br><br>        Defendants. | Case No. 3:21-CV-07008-WHO<br><br>CONSENT DECREE AND ORDER<br><br>Hon. William H. Orrick |

TO THE COURT, ALL INTERESTED PARTIES AND ATTORNEYS OF RECORD:

1.     Plaintiff, SCOTT JOHNSON, filed this action (known as Case No. 3:21-CV-07008-WHO) against Defendants JOHN C. TOGNOLI, in individual capacity as Trustee of the Tognoli Family Trust under the Declaration of Trust dated November 27, 2002; CAROL A. TOGNOLI,

in individual and representative capacity as Trustee of the Tognoli Family Trust under the Declaration of Trust dated November 27, 2002 and MARVIN GARDENS FOOD GROUP INC., a California corporation, (hereinafter, "Defendants") seeking money damages and injunctive relief for, inter alia, violations of the Americans with Disabilities Act of 1990 (the "ADA"), Unruh Civil Rights Act and corresponding state law claims, as well as common law claims, in the United States District Court for the Northern District of California on September 10, 2021, (Dkt 1). Defendant filed answer on November 16, 2021 (Dkt. 11);

2. Defendant and Plaintiff (collectively sometimes referred to herein as the "Parties" or separately as a "Party") wish to settle the portion of the case relating to issues of injunctive relief and hereby desire to enter into this Consent Decree. The Parties hereby enter into this Consent Decree and Order for the purpose of resolving certain specified aspects of the lawsuit without the need for protracted litigation, and without the admission of any liability by either Party whatsoever, including but not limited to liability as to the issues of damages and/or fees.

JURISDICTION:

3. Plaintiff asserts that the Court has jurisdiction of this matter for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq., pursuant to supplemental jurisdiction under California's Unruh Civil Rights Act, and 28 U.S.C. §1331, §1343(a)(3) and (a)(4) and §1391(b).

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties agree to entry of this Order to resolve all claims regarding injunctive relief raised in the above-entitled Action. Accordingly, the Parties agree to the entry of the proposed Order related to this Consent Decree without trial or further adjudication of the issues addressed herein.

NO DISMISSAL OF ACTION REQUESTED:

5. As noted herein, monetary issues are still at issue and accordingly the Parties do not request that the Honorable Court dismiss the action at this time.

WHEREFORE, the Parties hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

SETTLEMENT OF INJUNCTIVE RELIEF:

6. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendant and any other parties for injunctive relief that have arisen out of the acts and/or omissions alleged, or which could have been alleged, in the subject Complaint.

7. The Parties agree that the conditions complained of by Plaintiff have been removed: see ADA Compliant Letter Post Remediation attached as Exhibit A.

8. Defendants agree to keep and maintain the remediated conditions as accessible

ISSUES RELATED TO DAMAGES, ATTORNEYS FEES, LITIGATION EXPENSES, AND COSTS REMAIN UNRESOLVED:

9. The Parties have not reached an agreement regarding Plaintiff's claims for damages, attorneys' fees, litigation expenses and costs in this Action (collectively, the "Unresolved Issues"). These Unresolved Issues shall be the subject of further negotiation, settlement, litigation, and/or motions to the Court. Should the Parties later reach an agreement regarding the Unresolved Issues, the terms of that agreement will be set forth in a separate settlement agreement. Nothing set forth herein shall be deemed to in any way limit or effect a waiver of either Parties' past, present, or future rights and/or remedies to recover damages, attorneys' fees, litigation expenses, or costs in connection with each of their alleged losses, costs, damages, claims, and causes of action as set forth in each of the operative pleadings or otherwise.

ENTIRE CONSENT ORDER:

10. This Consent Decree and Order and Exhibit "A" to the Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between the signing Parties on all matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief specifically described herein.

TERM OF THE CONSENT DECREE AND ORDER:

11. This Consent Decree and Order shall be in full force and effect for a period of twenty-four (24) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twenty-four (24) months after the date of this Consent Decree, or until the relief contemplated by this Order is completed, whichever occurs later.

SEVERABILITY:

12. If any term of this Consent Decree and Order is determined by any court to be unenforceable, all other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

SIGNATORIES BIND PARTIES:

13. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile or e-mail signature shall have the same force and effect as an original signature.

14. Electronic signatures may also bind the Parties and/or their representative(s) as set forth in all applicable Local Rules. The undersigned counsel for Plaintiff does hereby

attest that all electronic signatures are affixed only with the express written permission of the signatory.

Respectfully Submitted,

Dated: February 10, 2022    CENTER FOR DISABILITY ACCESS

By: /s/Cara Townsend
Cara Townsend Esq.
Attorney for Plaintiff

Dated: February 10, 2022    LAW OFFICE OF KATHERINE R. MOORE
A Professional Corporation

By: /s/Katherine Moore
Katherine R. Moore, Esq.
Attorney for Defendants

IT IS SO ORDERED.

Dated: February 14, 2022    _____
Honorable William H. Orrick
United States District Judge

# EXHIBIT A



10-23-21

RE: ADA Upgrades for Marvin Gardens @ 1160 Old Country Rd, Belmont, CA94002

Dear Ms. Marines,

ADA Compliance Consultants has revisited the facility and completed our "on-site" post construction inspection to verify compliance with accessibility requirements.

The front, rear and interior dining areas now provide fully wheelchair accessible tables that provide a minimum 30" x 27" tall x 19" deep knee and toe space for full frontal approach.

The disabled parking in the small shared parking lot has been modified to provide a single Van accessible parking stall with passenger side access aisle that connects directly to the public sidewalk and accessible route to the main accessible entry door.

Besides addressing the violations called out by the plaintiff, the owners of Marvin Gardens have gone up and beyond to remodel one of the restrooms to provide an accessible All-Gender single accommodation restroom for all disabled customers moving forward.

The owners of this establishment now have a working plan to continue moving forward with on-going readily achievable barrier removal as well as budgeting for more expensive repairs to greatly improve the overall level of accessibility within this facility.

Let me know if you have any questions.

Christopher T Taylor
ADA Compliance Consultants Inc.
Certified Access Specialist CAS #240